DERRICK v. BLAZERS.

1. AUTOMOBILES—POLICEMAN'S ACCIDENT REPORT—EVIDENCE.
    Reports of automobile accidents, made by police officers, are normally inadmissible as evidence in a civil action arising from such accident, when the reporting officer lacked personal knowledge of the information contained therein (CLS 1956, § 257.624).

2. SAME—POLICEMAN'S ACCIDENT REPORT—EVIDENCE.
    Defendants in action arising out of injuries to plaintiff pedestrian when hit by defendants' taxicab were entitled on redirect examination, to have submitted to jury those portions of a policeman's accident report about which plaintiff's counsel had asked questions on cross-examination, since objection to such portion had been waived (CLS 1956, § 257.624).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 5A Am Jur, Automobiles and Highway Traffic § 965.
[1, 2, 4] 20 Am Jur, Evidence § 1049 (Supp).
    Statute providing for admissibility as evidence of records or entries, in regular course of business as applicable to police accident reports. 144 ALR 727, 729.
[3] 20 Am Jur, Evidence § 1023.
[5] 14 Am Jur, Costs § 79.

3. EVIDENCE—HEARSAY.

The rule against the admissibility of hearsay is so sweeping as to include written statements which fall within the general definition of hearsay, including official records.

4. AUTOMOBILES—POLICE ACCIDENT REPORT—HEARSAY—OPINIONS—INSTRUCTIONS.

Admission of police accident report, containing plainly inadmissible hearsay statements and conclusions, sought to be introduced in its entirety by defendant motorist, but as to which plaintiff pedestrian had not cross-examined reporting police officer *held*, prejudicial and reversible error, notwithstanding trial judge's general instruction to jury to disregard any hearsay and opinions which they might have heard (CLS 1956, § 257.624).

5. COSTS—NEW TRIAL—HEARSAY—OPINIONS.

Costs in automobile accident case are to abide the result, where cause is remanded for new trial because of reversible error committed in the admission of hearsay and opinion evidence.

Appeal from Wayne; Beers (Henry L.), J., presiding. Submitted October 14, 1958. (Docket No. 52, Calendar No. 47,137.) Decided January 12, 1959.

Case by Harry Derrick against Joseph Blazers and Leon Eschtruth, doing business as Checker Cab Company, for injuries sustained when struck by taxicab while crossing street. Verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Dann, Rosenbaum & Bloom,* for plaintiff.

*Vandeveer, Haggerty, Garzia & Haggerty,* for defendants.

EDWARDS, J. Our decision in this case turns upon a single point—appellant's claim of prejudicial error in the admission in evidence of a police report of the accident in question which contained both hearsay and opinion on the part of the reporting officer who

arrived on the scene of the accident some minutes after it happened.

Plaintiff was a pedestrian who was seeking to cross West Warren avenue in a northerly direction in the city of Detroit on December 14, 1952, at approximately 10 p.m. He was struck and seriously injured by a taxicab owned by defendant Eschtruth and being driven east on Warren by defendant Blazers.

Aside from these undisputed facts, plaintiff's and defendants' versions of the accident agree upon almost nothing else. Plaintiff claims the accident occurred in the vicinity of the intersection of Rutherford. Defendants claim it occurred in the vicinity of the next intersection, Forrer. Plaintiff claims that defendants' taxicab swung around a car which was stopped at Rutherford and ran him down. Defendants claim that plaintiff jumped out of the path of another car which obscured him directly into defendants' path.

These and other questions of disputed facts the trial judge submitted to a jury which returned a verdict of no cause for action.

On appeal plaintiff presents as his first question:

"Did the trial court err in admitting in evidence the police report of the accident, being defendants' exhibit 'B', and permitting the jury to examine said exhibit?"

The police report was originally offered as an exhibit by defendants, and plaintiff's objection thereto was sustained by the trial judge. The police officer was, however, allowed to use the report to refresh his memory of the physical facts which he observed at the scene of the accident and he testified thereto. *Delfosse* v. *Bresnahan,* 305 Mich 621. In his direct testimony the police officer testified that he "smelled the odor of alcohol" on the pedestrian.

Subsequently on cross-examination counsel for plaintiff asked to examine the report which the witness had been using. Discovering that the section therein bearing on the condition of the pedestrian was not filled out, counsel cross-examined as to the reason for such omission on the report. The witness answered that he hadn't been able to talk to the plaintiff because of his injuries.

Counsel then asked whether or not the officer had previously referred to a "slight" detection of alcohol when talking to plaintiff's investigator, and subsequently read into the record a statement signed by the police officer containing such a phrase. The statement which also quoted defendant driver's version of the accident as told to the officer was received without objection.

On redirect examination counsel for defendants again offered the police report in evidence on the ground that plaintiff's counsel had gone into the matters contained therein, and the trial judge admitted the whole report in the following colloquy:

*"Mr. Robbins:* If your Honor please, as long as counsel went into the police report quite extensively and pointed out the condition of the driver, I would like to renew my offer. * * *

*"Mr. Bloom:* We object to the use of the police report with the exception of those things we have gone into.

*"The Court:* You didn't need to go into any of it. I ruled it out but since you went into it you can't pick out parts.

*"Mr. Bloom:* But it is improper to put the entire document in. That contains all—

*"The Court* (Interposing): I once ruled it out. You decided to go into it and I am going to admit it.

*"Mr. Bloom:* All right.

"Q. (By Mr. Robbins continuing): Can this stay here, Mr. Brodie?

"A. No, I have to take it back.

"*Mr. Bloom:* I'll ask the court to examine that report. There are many things that are—

"*The Court:* I ruled it out. Then on cross-examination you opened the door.

"*Mr. Bloom:* I didn't open the door to everything.

"*The Court:* I am going to rule the whole thing in. You have gone and opened the door.

"*Mr. Bloom:* But there is a lot of hearsay in there.

"*The Court:* That is up to you. You are trying the case, nobody else.

"*Mr. Robbins:* I would like the jury to look at this because Officer Brodie has to take it back.

"*The Court:* All right.

"(Whereupon the exhibit was presented to the jury.)"

Accident reports made by police officers are normally held to be inadmissible as evidence when the officer who made the report lacked personal knowledge of the information contained in the report. *Sterling* v. *City of Detroit,* 134 Mich 22; *Goosen* v. *Packard Motor Car Co.,* 174 Mich 654; *Jakubiec* v. *Hasty,* 337 Mich 205.

See, also, *Hadley* v. *Ross,* 195 Okla 89 (154 P2d 939); CLS 1956, § 257.624 (Stat Ann 1952 Rev § 9.2324).

On redirect examination, however, defendants had the right to have submitted to the jury those portions of the report about which plaintiff's counsel had asked questions on cross-examination. *Piowaty* v. *Sheldon,* 167 Mich 218 (Ann Cas 1913A, 610); *People* v. *Babcock,* 301 Mich 518. As to these portions, objection had been waived.

But the full report which was submitted to this jury not only contained objectionable hearsay, it also contained conclusions of the police officer which were plainly not based on his observations after he arrived at the scene of the accident. The report stated as a fact: "The pedestrian jumped from path

of X car into path of vehicle #1." And under the heading *"What drivers were doing,"* the line for the defendant driver was checked to show "Going straight ahead." And under the heading *"Violations indicated,"* the line for the defendant driver was checked to show "No improper driving."

The first 2 of these comments are plainly hearsay reported as fact by a source (the police officer) which would have a great effect upon the jury.

Jones on Evidence quotes the rule in this regard as follows:

"The rule against the admissibility of hearsay is so sweeping that it necessarily includes within its scope written statements which fall within the general definition of hearsay. No exception to the rule is warranted by the mere fact that the particular information, report, or rumor is reduced to writing, * * * or [is] even in an official record." 3 Jones, Evidence (2d ed), § 1084.

The last comment is an opinion which deals with the very question of negligence which the jury was impaneled to try.

"If it were a general rule of procedure that witnesses might be allowed to state not only those matters of fact about which they are supposed to have knowledge, but also the opinions they might entertain about the facts in issue, or the impression made upon them by, or conclusions or inferences to be drawn from, such facts, the administration of justice would become little less than a farce." 3 Jones, Evidence (2d ed), § 1242.

See, also, *Lemon* v. *Chicago & Grand Trunk R. Co.,* 59 Mich 618; *Rockafellow* v. *Streeter,* 332 Mich 366.

Even though the trial judge's charge contained a general instruction to the jury to disregard any hearsay and opinions which they might have heard, we do not think that this could serve to obviate the

prejudicial effect of the submission to them of the police report containing the quoted plainly inadmissible statements and conclusions.

What we have said requires reversal. We do not believe the other claimed errors are likely to recur on retrial and, hence, do not discuss nor decide them.

Reversed and remanded for new trial. Costs to abide the result.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.