HENRY v. OBERHOLTZER CONSTRUCTION CORP. ET AL.

[No. 20,157. Filed October 27, 1965.]

*Frank E. Spencer, Paul E. Blackwell,* and *Rochford & Blackwell,* of Indianapolis, for appellant.

*Steers, Klee, Jay & Sullivan,* and *James C. Jay,* of Indianapolis, for appellees.

BIERLY, C. J.—Plaintiff-appellant owned and operated a tavern located on the southeast corner of the intersection on North Belmont Avenue and West Michigan Street in the city of Indianapolis, Indiana. Appellant instituted this action for damages to her building when it was struck by an automobile operated by defendant, Hobart Estep, after a collision in the intersection with a truck operated by appellee, Ronald Swinford, while in the scope of his employment for Oberholtzer Construction Corporation. Defendant, Estep, was traveling east on West Michigan Street and appellee, Swinford, was traveling south on North Belmont Avenue.

While Hobart Estep was named as an appellee, he is not a party involved in this appeal other than as a witness and will be referred to as defendant Estep.

Appellant alleged in essence that she was the owner of a tavern business known as "Hallie's" which was located on the southeast corner of the intersection of North Belmont Avenue and West Michigan Street; that appellee Oberholtzer Con-

struction Corporation, by and through its agent, servant and employee, Ronald Swinford, was negligent in that it failed to keep a lookout for other vehicles using the intersection; that it failed to yield the right of way to the automobile driven by defendant, Estep; that it failed to keep its truck under control; and that it failed to stop and remain stopped until the automatic traffic signal exhibited a green light.

Appellant alleged that defendant, Estep, was negligent in that he failed to have his automobile equipped with good and sufficient brakes; that he failed to keep a lookout for other vehicles using the intersection; that he failed to keep his automobile under control; and that he failed to stop or reduce his speed upon approaching the intersection.

Appellees, Oberholtzer Construction Corporation and Ronald Swinford, answered in compliance with Supreme Court Rule 1-3. Defendant, Hobart Estep, was defaulted for failure to appear in open court and the court rendered judgment against him for damages "in the amount she may hereinafter prove and agreed that court consider evidence presented at trial in fixing amount of damages."

Defendant, Hobart Estep, called as a witness by appellant, testified, in substance, that immediately before the collision he was traveling east on West Michigan Street and was approaching North Belmont Avenue; that as he approached North Belmont the traffic light was green when he first saw it; that as he approached the intersection, he saw a truck traveling south on North Belmont; that when he saw the truck he held his horn down and applied his brakes; that the truck did not slow down but hit him generally in the side which caused him to swerve and hit appellant's tavern. Estep testified further that as he entered the intersection the automatic traffic signals exhibited a green light for traffic on West Michigan Street and that his brakes both before and after the collision were in good working condition.

The facts surrounding the collision as related by appellee,

Swinford, and corroborated by other witnesses might well be described as diametrically opposed to Estep's testimony.

At the close of all the evidence the trial court upon motions by Swinford and Oberholtzer Construction Corporation directed verdicts respectively in their favor.

The sole issue to be decided by this court is whether the trial court erred in directing the verdicts for the appellees.

In *Callahan, Admr., etc.* v. *N. Y. Cent. R. R. Co.* (1955), 125 Ind. App. 631, 125 N. E. 2d 263, this court held:

". . . The general rule now recognized is that a peremptory instruction may be given when there is a total absence of evidence or legitimate inferences in favor of the plaintiff upon an essential issue or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant. *Whitaker* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734, and cases cited. It is a well-recognized rule in determining whether a peremptory instruction should be given, the court must accept as true all facts which the evidence tends to prove and draw against the party requesting such instruction, all inferences which the jury might reasonably draw. *Holtz* v. *Elgin, etc., Ry. Co.* (1951), 121 Ind. App. 175, 98 N. E. 2d 245; *Chacker* v. *Marcus* (1949), (R. D. 1950), 119 Ind. App. 672, 86 N. E. 2d 708; *Whitaker* v. *Borntrager, supra.* Likewise, when there is some evidence or legitimate inferences supporting each material allegation of the complaint, the court will not weigh the conflicting evidence or inferences but will consider only the evidence and inferences that are most favorable to the party against whom the peremptory verdict is directed. *Jackson Hill Coal, etc., Co.* v. *Bales* (1915), 183 Ind. 276, 108 N. E. 962; *Whitaker* v. *Borntrager, supra.*"

In *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co., et al.* (1956), 235 Ind. 489, 135 N. E. 2d 1, our Supreme Court held:

". . . Therefore, if there is any evidence of probative value in support of the necessary issues drawn in the case, it is the constitutional right of the complaining party, in cases triable by jury, to have a jury determine the credibility of the witnesses and the weight that shall be given the evidence and to decide the facts accordingly. . . ."

As the evidence presented was conflicting therein, it is obvious that if we were to stop at this juncture we would be compelled to reverse this cause. We may only affirm the trial court if the testimony of Hobart Estep is without probative value. Appellee argues that as defendant, Estep, was defaulted and did not present a defense, he has admitted the material allegations of the complaint and testimony contrary to the facts well pleaded is without probative value. With this we cannot agree.

We need not decide the question of the admissibility of this evidence, as even incompetent evidence may be considered by the jury if proper objection is not interposed. Defendant, Estep's, testimony was admitted without objection by the appellees. Therefore, we need not decide the question of the admissibility of this evidence, as even incompetent evidence may be considered by the jury if proper objection is not interposed. *Klingler* v. *Ottinger* (1939), 216 Ind. 9, 22 N. E. 2d 805. However, the introduction of evidence without objection must be of probative value and the admission alone does not make it such. *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 26 N. E. 2d 1006.

Evidence of probative value is evidence " 'carrying quality of proof and having fitness to induce conviction.' *Carter* v. *Commonwealth* (1932), 245 Ky. 257, 53 S. W. 2d 521." *Vonville* v. *Dexter* (1948), 118 Ind. App. 187, 77 N. E. 2d 759.

The testimony of defendant, Estep, if believed by the trier of the facts, was direct evidence and carried with it "quality of proof" and "fitness to induce conviction." As there was some evidence of probative value to support the issues in the case, the trial court invaded the province of the jury to determine the credibility of the witnesses and the weight to be given the evidence.

We are of the opinion that this case should be reversed.

Cause reversed and trial court ordered to grant appellant's

motion for a new trial, and for further proceedings not inconsistent with this opinion.

Hunter, Mote and Smith, JJ. concur.

NOTE.—Reported in 211 N. E. 2d 194.