142 Ind. App. 338 (1968)
234 N.E.2d 664
STATE OF INDIANA
v.
ST. ANNE BRICK AND TILE CO. ET AL.
No. 20,718.
Court of Appeals of Indiana.
Filed March 14, 1968.
*339 Hall, Frazier and Crokin, of Indianapolis, for appellant.
Larry J. Wallace, of Indianapolis, for appellee.
No petition for rehearing filed.
PFAFF, J.
This is an action brought by appellant, the State of Indiana, against appellees, St. Anne Brick and Tile Company, St. Anne Farm Drainage Company and Louis Coyer, for property damage to its truck arising out of a collision with a truck owned and operated by the appellees. The appellee, St. Anne Brick and Tile Company, then filed a counterclaim alleging property damages to its truck.
Trial was had by jury and a verdict returned for the appellee, St. Anne Brick and Tile Company, on its counterclaim. In accordance with the verdict, judgment was rendered as follows:
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT THAT, find for the Defendant St. Anne Brick & Tile Company, Inc., and that it have and recover on its cross-complaint and assess the damages at $1,975.00."
The appellant filed a motion for new trial, which was subsequently overruled, and now assigns as error to this court the overruling of said motion. More specifically, appellant contends that the court erred in admitting into evidence a certain document (police report) purporting to be a memorandum made by Sheriff Don McCracken, one of the witnesses to this cause, the same being Defendant's Exhibit "A", to which ruling appellant made a timely and proper objection.
*340 In support of its contention, appellant relies upon the case of Lee, etc. v. Dickerson (1962), 133 Ind. App. 542, 183 N.E.2d 615. In the Lee case, at page 550, this court stated:
"It has repeatedly been held by the courts (throughout this nation) that statements contained in a report compiled by a police officer concerning the cause of or responsibility for an injury to the person or property are properly excluded from evidence on the basis that it constitutes an opinion or conclusion as distinguished from a statement of fact and/or that it represents statements made by someone else which were given to the investigating officer rather than the reporting officer's own personal observations. See cases cited in the annotations following the case of Derrick v. Blazers (1959), 355 Mich. 176, 93 N.W.2d 909, reported in 69 A.L.R.2d 1143; as well as Franklin v. Skelly Oil Co. (1944), reported in 153 A.L.R. 156; see, also, 20 Am. Jur., Evidence, § 1027, pp. 866-867. While the facts set out in such reports are good evidence, the conclusions and opinions stated therein are not. See authorities last cited.
"It has been reasoned, and we think properly so, `.... those portions of a public officer's report relating to the cause of or responsibility for an accident, injury, or damage may constitute statements of fact or they may represent a mere opinion or conclusion, and it would seem that a statement appearing in such a report relating to the cause of or responsibility for an accident or injury would properly be admitted in evidence if (1) it constituted a statement of fact, as distinguished from an opinion or conclusion, and (2) it represented the personal observations of the reporter, not a relaying of what someone else had told him....' See 69 A.L.R. 2d § 1, p. 1152."
In the case at bar the appellees contend that the police report was properly admitted into evidence for the limited purpose of impeachment. However, the record fails to disclose that the police report was used solely for the purpose of impeachment. The jury was permitted to read the police report which contained opinions and conclusions of the officer as distinguished from statements of fact, which, in the opinion of this court, constitutes reversible error.
*341 Appellees' motion to dismiss or in the alternative to affirm, which was previously held in abeyance, is now denied.
The judgment of the trial court is reversed with instructions to grant appellant's motion for a new trial.
Cook, P.J., Bierly and Smith, JJ., concur.
NOTE.  Reported in 234 N.E.2d 664.