Margaret Ellen **REBURN**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 480S107.

Supreme Court of Indiana.

June 9, 1981.

Rehearing Denied Aug. 31, 1981.

Stephen C. Haas, Evansville, for appellant.

Linley E. Pearson and Theodore L. Sendak, Attys. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Margaret Reburn, was convicted in the Vanderburgh Superior Court in a trial by jury presided over by the Honorable Terry D. Dietsch, of the crime of murder in violation of Ind.Code § 35–42–1–1(1). She received a sentence of thirty years. She was charged with shooting her husband. Appeal is predicated upon:

(1) the alleged insufficiency of evidence to convict;

(2) rulings of the court excluding opinion testimony;

(3) rulings of the court excluding an oral statement of appellant;

(4) rulings of the court in giving and refusing to give instructions relative to evidence of motive and the manner of evaluating the evidence;

(5) the ruling of the court refusing to grant a new trial on the grounds of newly discovered evidence.

■ 1. At about 12:00 o'clock noon on June 15, 1979, appellant and her husband, Virgil, the decedent, were observed by a

parking lot attendant sitting inside a truck parked in the lot and talking. Moments later appellant approached the attendant in a dazed condition and said "my husband", and "in the truck". As other witnesses appeared, appellant was observed crying and mostly incoherent, but was heard to say "I did it, I did it, I shot him". Witnesses then observed the victim in the truck located on the driver's side, but slumped over onto the seat with blood on his shirt and on the seat. The windows were rolled up. The engine was not running. The passenger side door was closed and the driver side door was open several inches. The glove compartment was open, and a nine-shot revolver was on the floor on the passenger side pointing toward the driver's side. The revolver contained seven live rounds and two spent rounds. Mr. Reburn suffered two bullet wounds to the head from which he died of brain damage. One round entered the right side of the head one and one-half inches back from the ear and the other entered the same side two and one-half inches behind the ear. In the opinion of the pathologist, the weapon was at least eighteen inches from the victim's head when the shots were fired.

■ When the claim of insufficiency of evidence is made on appeal, the conviction will be affirmed if the evidence and reasonable inferences therefrom have substantial probative value, and is such that from it a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657. The evidence which supports the verdict of guilty in this case has this character. If believed, it was sufficient to warrant the jury in concluding to a moral certainty beyond a reasonable doubt that appellant knowingly caused her husband to die by shooting him.

■ 2. A psychologist was asked in direct and hypothetical form during direct examination by defense counsel whether the facts presented were consistent with an accidental shooting. Objections to the questions were sustained. One of the several bases relied upon by the trial judge for

the rulings was legally sufficient. As a general rule the testimony of witnesses must be confined to statements of fact. Opinion testimony is admissible under an exception to this general rule. Opinions are not properly permitted to be given in testimony in instances where the jurors are as well qualified to form an opinion upon the facts as the witnesses. *Brunker v. Cummins*, (1892) 133 Ind. 443, 32 N.E. 732; *Carter v. State*, (1980) Ind., 412 N.E.2d 825. The jurors as ordinary men and women possessed the full capacity to evaluate the facts and circumstances shown to surround this shooting as to their being consistent with an accidental shooting. The court ruling was therefore correct, and did not, as contended, impede to any degree the defense in the presentation of its theory of the case.

■ 3. Thomas Greenwell, friend of appellant and her husband, testified for the prosecution to describe the manner in which he had observed Mr. Reburn handle guns. Preliminarily he stated that he had received a telephone call from a hospital employee, relaying a request of appellant to him, that she wished for him to join her there. The shooting occurred at shortly before 12:00 noon. He arrived at the hospital at 12:15 p. m., and first spoke with appellant at 3:00 p. m., after she emerged from a session with police officers. On cross-examination the witness was asked what appellant had said to him at that point. An objection that the question called for a self-serving declaration was sustained.

■ An offer to prove was made that the witness would testify that appellant had said to him, "They think I tried to kill him but I did not intend to kill him. I love him but they think I tried to kill him." Appellant contends that the ruling was error and that the answer should have been permitted as within the spontaneous and excited utterance or res gestae exception to the hearsay rule. The statement does not qualify under this category as this statement came three hours after the shooting, far from the scene of the shooting, after lengthy conversation with police officers, and after there

had been time to deliberate upon possible penal consequences which might ensue. The requisite guarantee of trustworthiness was absent here. *Pallett v. State*, (1978) 269 Ind. 396, 381 N.E.2d 452.

■ 4. The jury was instructed that it could properly consider evidence tending to establish motive or lack of motive in arriving at its verdict, but that proof of motive was not essential to conviction. The court refused to give appellant's tendered instructions which would inform them that a reasonable doubt could arise from the failure of the State to prove motive, and that the absence of proof of motive is a powerful circumstance in favor of the accused. It is argued that the motive instruction given was an incomplete instruction of the law concerning motive and was unintelligible to the juror. This challenged instruction was a correct statement of the law. *Kallas v. State*, (1948) 227 Ind. 103, 83 N.E.2d 769. It is not unfair or unintelligible as contended, as it clearly empowers the jury to consider lack of evidence revealing the accused's personal reasons for committing the acts shown. Under this instruction the jurors as fair-minded persons would give such a lack of evidence its fair and natural import which is supportive of the defense of accidental shooting and acquittal. Appellant's first noted instruction was properly denied as covered by the instruction given, *Bobbitt v. State*, (1977) 266 Ind. 164, 361 N.E.2d 1193, and the second one was erroneous as containing an unfair judicial comment upon the weight of evidence. *Pritchard v. State*, (1967) 248 Ind. 566, 230 N.E.2d 416.

Appellant sought and was refused an instruction which advised the jury that evidence warranting only a suspicion of guilt or opportunity to commit a felony and presenting a reasonable hypothesis of innocence should result in a verdict of not guilty. It is not error to refuse an instruction the substance of which is adequately covered by other instructions given. *Bobbitt v. State, supra.* Insofar as the substance of this instruction is properly directed toward providing the jury with an understanding of its function, rather than toward standards of review to be applied by appellate tribunals, the instructions given by the trial court defining reasonable doubt, the manner of evaluating the credibility of witnesses and the State's burden of proof, adequately covered it.

■ 5. As part of her motion to correct errors, appellant presented a psychological report prepared for the trial court for consideration upon sentencing, and urged that it constituted newly discovered evidence warranting the grant of a new trial. Conclusions in it include the examiner's belief that there is nothing in appellant's history or personality profile to suggest that she would be capable of the crime for which she was accused. Of the several elements of the test to be applied to claims of this sort is the requirement that the proffered evidence will probably produce a different result if presented on retrial. *Fortson v. State*, (1979) Ind., 385 N.E.2d 429. The potential testimony of the maker of this report does not satisfy this requirement. Most of the witnesses' generalized conclusions would be inadmissible in evidence upon the same basis that the psychologist's conclusions were inadmissible at trial. The remainder would not add significantly to the persuasiveness of appellant's claim that she accidentally shot her husband, juxtaposed as it would be to her own admissions and the facts and circumstances comprising the case for the prosecution recounted above in that part of this opinion dealing with the sufficiency of evidence.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.