**Roger HENSLEY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1282S470.

Supreme Court of Indiana.

May 10, 1983.

Robert W. Hammerle, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Roger Hensley, was convicted by a jury of burglary, a Class B felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.) and of being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.) and sentenced to fifty years' imprisonment. His direct appeal raises the following two issues:

1.  Whether the trial court erred in refusing to allow two of the state's witnesses to give opinion testimony in response to the defendant's questions; and

2.  Whether the court erred in allowing the state to cross-examine the defendant about his prior nonfelony convictions during the habitual offender portion of the trial.

A statement of the facts most favorable to the state shows that a neighbor of Albert Reid, the victim, called the police shortly after 10:00 p.m. on November 28, 1981, to report someone was kicking in Reid's door. Upon their arrival at Reid's, the police found the front door open with the door casing splintered and two footprints on the front door. The lock had been ripped off the door. The arresting officer testified it was possible he arrived at the house within two minutes after receiving the call, but that it was five or six minutes before the police entered the house. While searching the house, the police found defendant and his brother hiding under a bed. Reid's bedroom chest of drawers had been ransacked and his two televisions had been moved and were setting on the living room floor. Reid, who had been away for the evening, returned while the police and defendant were still there. At trial, Reid testified that he did not know the defendant and that he had not given anyone permission to enter his home. A witness for the defendant maintained that he and the defendant were going to visit Reid and discovered the open door. Fearing that Reid may have been in trouble, they went in the house. Defendant hid when the police arrived be-

cause he had an unrelated warrant out on him.

Defendant admits that evidence of probative value exists from which a reasonable trier of fact could have concluded that he was guilty beyond a reasonable doubt. Defendant contends, however, that because the trial court erroneously interfered with his defense, the Court must look at the totality of the evidence to determine if defendant was prejudiced. At trial defense counsel asked Reid if he thought it was possible for the burglary to have occurred in two minutes. The court sustained the state's objection to the question. Later, defense counsel asked one of the officers if he thought it was possible that the defendant could have gone in the house after the break-in. Again the court sustained the state's objection to the question. Defendant argues it was crucial to his case that Reid and the officer be allowed to answer these questions in order to establish the validity of defendant's story. He contends, therefore, that the trial court prejudiced his defense by erroneously sustaining the state's objections.

█ The general rule is that witnesses are confined to testifying to specific statements of fact. Opinion testimony is the exception to the rule. *Reburn v. State,* (1981) Ind., 421 N.E.2d 604. Whether a witness is qualified to give an opinion is within the trial court's discretion. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805. Furthermore, opinion testimony is not permitted when the jurors are as well qualified to form an opinion on the facts as the witness. *Reburn v. State, supra; Carter v. State,* (1980) Ind.App., 412 N.E.2d 825. Here the defendant's questions called for opinions from the witnesses which were within the jurors' knowledge. The jurors were presented with the circumstances of the crime, and the defendant's version, and the time element. The jury was well qualified to form an opinion as to the possibility of the defendant's actions under the circumstances. In fact, it was the jury's role to do so as the trier of fact. The trial court did not err in sustaining the state's objections

to the defendant's questions to Reid and the officer. Defendant's defense was not prejudiced.

Defendant also contends that the trial court erred in allowing the state to cross-examine the defendant on his prior nonfelony convictions during the habitual offender portion of the trial. At that time, defendant took the stand and admitted the two alleged prior felony convictions. He then offered testimony that he would not be able to provide for his children if he were in prison. On cross-examination the prosecutor questioned defendant about a prior conviction for third-degree burglary and a conviction for criminal conversion. These two crimes were not the prior felony convictions being used to support the habitual offender charge. Defendant alleges that the admission of these prior convictions severely prejudiced him.

█ We have previously held that when the defendant places his character in evidence he opens the door on the subject of the character trait placed in issue, and the state may offer evidence of specific misconduct to rebut the evidence presented by the accused. *Bond v. State,* (1980) Ind., 403 N.E.2d 812; *Lineback v. State,* (1973) 260 Ind. 503, 296 N.E.2d 788, *reh. den.* 260 Ind. 503, 301 N.E.2d 636. Here the defendant offered testimony that he supported his family and indicated that he should be shown leniency because of their dependency on him. The prior nonfelony convictions were admitted to rebut the defendant's inference that he was a dependable family man.

Additionally, under the habitual offender statute the state must prove beyond a reasonable doubt that the defendant has accumulated two prior unrelated felony convictions. Ind.Code § 35–50–2–8(d) (Burns 1979 Repl.). Here the existence of two prior felony convictions was undisputed. Therefore, the admission of the other prior convictions was merely surplusage. *See Baker v. State,* (1981) Ind., 425 N.E.2d 98; *Collins v. State,* (1981) Ind., 415 N.E.2d 46; *Hall v. State,* (1980) Ind., 405 N.E.2d 530. There was no reversible trial court error.

For all of the foregoing reasons, there was no reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.