Michael HUMPHRIES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A04–9005–CR–218.

Court of Appeals of Indiana,
Fourth District.

March 25, 1991.

---

Fran Quigley, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Michael Humphries appeals the Marion Municipal Court's judgment finding him guilty of Disorderly Conduct, IND.CODE 35–45–1–3(2).

We affirm.

The issue here is whether there is sufficient evidence to support the trial court's judgment in light of

(a) Humphries' constitutionally guaranteed right to freedom of speech under the First Amendment to the United States Constitution and Article I, Section 9 of the Indiana Constitution, and

(b) the State's only evidence regarding Humphries' conduct being a police officer's opinion testimony regarding his demeanor.

After a disturbance at a McDonald's restaurant in Indianapolis, Officer Henry of the Indianapolis Police Department heard a police radio broadcast describing the perpetrator as a black male dressed in light clothing and a white jacket who left the premises walking eastbound. One block east of that restaurant he saw Humphries, a black male who was wearing light colored clothing, walking eastbound. Henry stopped Humphries explaining why he had been stopped, asked and received identification, then gave Humphries a pat-down search for weapons and found none. Humphries' breath and person smelled of alcohol.

Officer Henry, the State's only witness, decided to detain Humphries

A. Directly after he became belligerent and he began to curse at myself and other officers on the scene.

Q. Did you request that he quiet down?

A. Yes, I did.

Q. And what, if anything, did the Defendant do in response?

A. He did not follow my instructions, began to be more agitated. Continually asked why he had been stopped. At no time stated that he wanted to leave or attempted to leave.

Q. Okay. At this point was the Defendant still free to go?

A. No, he was not.

Q. Would you please explain to the Court why?

A. After requesting that he quiet down twice and explaining to him the reasons why he had been stopped and also that he would be placed under arrest for disorderly conduct if he did not stop, I decided to arrest him for disorderly conduct.

(R. 38–40). Only Humphries, Officer Henry, and another police officer were involved. Specifically, no other civilians were present or within earshot at the time.

Humphries appeals his conviction for disorderly conduct.

■■■ When presented with a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we consider only the evidence most favorable to the State. If there is substantial evidence of probative value to support the trial court's judgment, we will affirm the conviction. *Meredith v. State* (1987), Ind., 503 N.E.2d 880. We view the evidence in the light most favorable to the State. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, 1264, *reh. den'd, cert. den'd,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Substantial evidence of probative value such as is necessary to support a conviction has qualities of directness and freedom from uncertainty. *Mediate v. State* (1986), Ind., 498 N.E.2d 391, 393; *Vuncannon v. State* (1970), 254 Ind. 206, 258 N.E.2d 639, 640; *Chambers v. State* (1990), Ind.App., 551 N.E.2d 1154, 1156. The court on appeal reviews the evidence for the purpose of determining, as a question of law, whether there is substantial evidence of probative value from which a trier of fact could reasonably infer or find the existence of each material element of the crime in order to reach the conclusion that the accused has been proved guilty beyond a reasonable doubt. *Mediate, supra.* However, a mere scintilla of proof is not enough. If the evidence only tends to support a conclusion of guilt, it is insufficient. It must do so beyond a reasonable doubt. *Mediate, supra; Vuncannon, supra.*

■ Humphries first argues he was only exercising his right to freely express himself, a right protected by the First Amendment to the United States Constitution and

Article I, Section 9 of the Indiana Constitution. The State agrees with Humphries' position "that persons detained by investigatory stops have a right guaranteed by the federal and Indiana Constitutions to question and argue with the police." *Norwell v. City of Cincinnati* (1973), 414 U.S. 14, 16, 94 S.Ct. 187, 188, 38 L.Ed.2d 170 (reversing conviction where defendant "nonprovocatively voic[ed] his objection" to arrest). (Appellee's Brief at 6–7). Thus, there is no issue on this score. Humphries was exercising a constitutionally guaranteed right at the time and he was not subject to arrest for disorderly conduct because he was so doing.

However, the State argues the evidence in this case is sufficient to sustain Humphries' conviction because his conduct went beyond "a simple exercise of his right to question and dispute police action." The State claims the record shows Humphries refused to cooperate with the officers and launched into "a cursing, verbal harangue that can be construed, beyond a reasonable doubt, as an attempt to confine the stop to a repeated explanation of its basis and refutation of charges of harassment." Evidence of these facts lies in Officer Henry's testimony Humphries was "belligerent, so much so that [he] considered himself to be in physical danger." Humphries had to be instructed by police on two occasions to "calm himself" or be arrested for disorderly conduct, the state earnestly contends. (R. 24, 39–40).

To the contrary, Humphries says

> In contrast, the evidence against Mr. Humphries was so vague ("belligerent" ... "cursed" ... "failed to quiet down") and his behavior occurred in such an innocuous setting that this court would be forced to assume facts and speech not in evidence in order to affirm this conviction.

(Appellant's Brief at 17). Thus, the precise issue is whether Officer Henry's conclusory statements as to the manner in which Humphries was exercising his free speech rights at the time constitutes substantial evidence of probative value Humphries was

making "unreasonable noise" at the time he was arrested for disorderly conduct.

IC 35–45–1–3 provides in pertinent part

> A person who recklessly, knowingly, or intentionally:
>
> .    .    .    .    .
>
> (2) Makes unreasonable noise and continues to do so after being asked to stop ... commits disorderly conduct, a Class B misdemeanor.

For these purposes, then, we must determine if there is substantial evidence having probative value Humphries at the time was (a) making unreasonable noise and continued to do so (b) after being asked to stop.

As stated by Judge Miller in his notable work *Miller, Indiana Evidence*, in the *Indiana Practice* series, West Publishing Co. (1984), at § 701.101, vol. 13, at p. 3

> Indiana courts, which interchange the terms "opinion" and "conclusion", presume opinion testimony by a nonexpert witness to be inadmissible. Indiana law generally demands that a nonexpert witness testify only to facts known to the witness; the witness' opinions or conclusions are generally inadmissible.

Opinion testimony is not admissible when it is elicited from a lay witness. *McKee v. Hasler* (1951), 229 Ind. 437, 98 N.E.2d 657, 670; *State v. St. Anne Brick & Tile Co.* (1968), 142 Ind.App. 338, 234 N.E.2d 664, 664–665; *Lee v. Dickerson* (1962), 133 Ind. App. 542, 183 N.E.2d 615, 619–620. A lay witness will not be allowed to express his conclusion on the ultimate issue to be decided by the trier of fact where the trier of fact is as well qualified to form an opinion as the lay witness. *Hensley v. State* (1983), Ind., 448 N.E.2d 665, 667; *Hunter v. State* (1977), 172 Ind.App. 397, 360 N.E.2d 588, 600, *cert. den'd.* 434 U.S. 906, 98 S.Ct. 306, 54 L.Ed.2d 193. Clearly, Officer Henry's descriptions of Humphries' manner of speech, demeanor, and conduct at the time were mostly mere statements of opinion on subject matter the trier of fact was as well qualified to render an opinion upon as the lay witness. However, although inadmissible, Henry's opinion testimony came in without objection. The ultimate question then is whether inadmissible

evidence constitutes substantial evidence having probative value for appellate review purposes when admitted without objection below.

The answer is no it does not. The admission without objection of evidence having no probative value does not give evidence probative value. *Craig v. Citizens Trust Co.* (1940), 217 Ind. 434, 26 N.E.2d 1006, 1010; *Henry v. Oberholtzer Const. Corp.* (1965), 138 Ind.App. 7, 211 N.E.2d 194, 196. Officer Henry's testimony concerning Humphries' demeanor, what acts or statements led the officer to believe he was "belligerent" at the time, and other *evidentiary* facts necessary for the trial court to determine whether or not Humphries was guilty of disorderly conduct under IC 35–45–1–3(2) are almost totally absent from this record. Lay opinion evidence on subjects of common knowledge has no probative value and is insufficient as a matter of law to support Humphries' conviction. If nothing more appeared in this record we would be required to reverse for lack of probative evidence.

 However, Officer Henry's testimony contains some probative evidence which supports the trial court's judgment. As noted above, he testitied

Q. Did you request that he quiet down?

A. Yes, I did.

· · · · ·

A. After requesting that he quiet down twice and ... he would be placed under arrest for disorderly conduct if he did not stop, I decided to arrest him for disorderly conduct.

(R. 39–40). Officer Henry's answer to the prosecutor's leading question raises a reasonable inference Humphries was speaking in an unreasonably loud voice, and constitutes substantial evidence of this crime's first element. Henry's testimony Humphries was told he would be placed under arrest if he did not stop, though equivocal, constitutes substantial evidence he was asked to stop speaking in an unreasonably loud voice, the second element of the crime charged. That he was later arrested implies Humphries continued to so speak. Al-

though minimal, that evidence is substantial enough to support Humphries' conviction.

Affirmed.

BUCHANAN, J., concurs.

CHEZEM, J., concurs in result.