**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERESA YATES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-CR-823 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
The Honorable David M. Hooper, Commissioner
Cause No. 49F07-1105-CM-31749

**March 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Teresa Yates appeals her conviction for disorderly conduct as a class B misdemeanor.[1]  Yates raises one issue which we revise and restate as whether the evidence is sufficient to sustain her conviction.  We affirm.

The facts most favorable to the conviction follow.  On May 5, 2011, Indianapolis Metropolitan Police Officer Chad Gibson was dispatched to an address in Marion County regarding a dispute between neighbors.  Officer Gibson arrived at the scene, spoke with the complainant, and observed Yates standing on the sidewalk on Washington Boulevard.  Yates then walked and sat down in a chair "on a patio type of place" next to the garage at her house.  Transcript at 15.

Officer Gibson approached Yates and told her that the complainant down the street called because Yates had been "yelling and screaming at their kids as they were walking by, walking their dog on the sidewalk and they were concerned about her vulgarities."  Id. at 11.  Officer Gibson began asking Yates questions, and Yates "started getting loud and screaming and yelling and not making any sense of the questions."  Id. at 7.  Yates did not answer Officer Gibson's questions and "was talking about other things and just talking over [him] and yelling."  Id.  Three or four people walked around the corner "to peek around the side of the house to see what was going on."  Id. at 8.  Yates's volume "brought people around the corner or out of their houses to see what was going on."  Id. at 12.  Officer Gibson "continued to try to get [Yates's] side of the story and at that time she got really loud and started screaming obscenities and vulgarness (sic) at people in the area that were coming out."  Id. at 8.  At one point, Yates "started yelling obscene things

---

[1] Ind. Code § 35-45-1-3 (Supp. 2006).

about homosexuals." Id. at 12. Officer Gibson asked Yates to stop, but Yates did not comply and "started screaming louder" and "making sexual comments and vulgarities." Id. at 9. Officer Gibson then placed Yates in handcuffs, and Yates "flop[ped] down completely to the ground, . . . started thrusting her hips in a sexual manner and screaming 'f--- me, f--- me.'" Id. at 13.

On May 5, 2011, the State charged Yates with public intoxication as a class B misdemeanor and disorderly conduct as a class B misdemeanor. At the bench trial, Officer Gibson testified to the foregoing facts. Yates testified that she was approached by three individuals including Officer Gibson and that she was immediately told to turn around and place her hands behind her back. Yates testified that Officer Gibson's testimony that she was rambling, yelling, and would not answer his questions was not true. Yates testified that she never dropped to the ground and moved her hips. The court found Yates not guilty of public intoxication and guilty of disorderly conduct.[2]

The issue is whether the evidence is sufficient to sustain Yates's conviction for disorderly conduct. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. Id. We consider conflicting evidence

---

[2] With respect to the charge of public intoxication, the court stated:

I have some concerns about the location there as far as the officer, what he saw and where he saw her. He saw her on the sidewalk, he says, at a distance. But she is more or less, at least not beyond a reasonable doubt, I can't . . . I'm not convinced she's in public, that's my problem with Court [sic] One. So we'll enter a not guilty on Count One.

Transcript at 29.

most favorably to the trial court's ruling. Id. We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. Id. at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id.

The offense of disorderly conduct is governed by Ind. Code § 35-45-1-3, which provides "[a] person who recklessly, knowingly, or intentionally . . . makes unreasonable noise and continues to do so after being asked to stop . . . commits disorderly conduct, a Class B misdemeanor."[3] Thus, to convict Yates of disorderly conduct as a class B misdemeanor, the State needed to prove that Yates recklessly, knowingly, or intentionally made unreasonable noise and continued to do so after being asked to stop.

"[T]he criminalization of 'unreasonable noise' was 'aimed at preventing the harm which flows from the volume' of noise." Whittington v. State, 669 N.E.2d 1363, 1367 (Ind. 1996) (quoting Price v. State, 622 N.E.2d 954, 966 (Ind. 1993), reh'g denied). "The State must prove that a defendant produced decibels of sound that were too *loud* for the circumstances." Id. "Whether the state thinks the sound conveys a good message, a bad message, or no message at all, the statute imposes the same standard: it prohibits context-inappropriate *volume*." Id. "Section 35-45-1-3(2) is aimed at the intrusiveness and loudness of expression, not whether it is obscene or provocative." Price, 622 N.E.2d at 960 n.6.

---

[3] The State alleged that Yates "did recklessly, knowingly, or intentionally . . . make unreasonable noise and continued to do so after being asked to stop . . . ." Appellant's Appendix at 17.

Yates argues that "the record only shows a woman who had been working in her yard when she was approached by a police officer," and that "she was not making unreasonable noise, she was in her own yard and was not in violation of law." Appellant's Brief at 4, 7. Yates argues, without citation to authority, that "one may yell and scream in their own yard if one so desires." Id. at 7. Yates also argues that "[t]he only evidence of the noise being such that others were disturbed is the officer's."[4] Id. Yates essentially asks us to reweigh the evidence and judge the credibility of the witnesses, which we cannot do. Drane, 867 N.E.2d at 146.

The record reveals that Officer Gibson initially observed Yates on the sidewalk and later on a patio. Officer Gibson began asking Yates questions, and Yates "started getting loud and screaming and yelling . . . ." Transcript at 7. Yates "was . . . talking over [Officer Gibson] and yelling." Id. Three or four people walked around the corner "to peek around the side of the house to see what was going on," and Yates's volume "brought people around the corner or out of their houses to see what was going on." Id. at 8, 12. Officer Gibson "continued to try to get [Yates's] side of the story and at that time she got really loud and started screaming . . . at people in the area that were coming out." Id. at 8. Officer Gibson asked Yates to stop, but Yates did not comply and "started screaming louder." Id. at 9.

---

[4] Yates concedes that "[i]t did not appear from the record that [Yates], by the words used, was objecting to the Officer's actions" and that "[i]t appears from the record that [her speech], at the time of her arrest, does not meet the definition of 'political speech.'" Appellant's Brief at 6. Yates also states that "[t]he lack of a basis for a constitutional challenge should not render an appellant with a conviction such as this unable to challenge the evidence." Id. at 7.

Based upon the record, we conclude that evidence of probative value exists from which the trial court could have found Yates guilty of disorderly conduct as a class B misdemeanor. See Yowler v. State, 894 N.E.2d 1000, 1003 (Ind. Ct. App. 2008) (holding that the evidence was sufficient to sustain the defendant's conviction for disorderly conduct where defendant was yelling in his own yard and caused a disturbance sufficient to cause his neighbors to come out of their homes); Blackman v. State, 868 N.E.2d 579, 584 (Ind. Ct. App. 2007) (holding that the defendant's argument was simply a request that we reweigh the evidence and holding that there was sufficient evidence to support the defendant's conviction for disorderly conduct), trans. denied; Humphries v. State, 568 N.E.2d 1033, 1037 (Ind. Ct. App. 1991) (holding that officer's testimony indicating that he asked the defendant to quiet down twice and ultimately decided to arrest the defendant for disorderly conduct raised a reasonable inference that the defendant was speaking in an unreasonably loud voice and that the evidence was substantial enough to support the defendant's conviction).

For the foregoing reasons, we affirm Yates's conviction for disorderly conduct as a class B misdemeanor.

Affirmed.

BAKER, J., and KIRSCH, J., concur.